UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLATERAL ANALYTICS,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC, et al.,<br><br>Defendants. | Case No. 18-0019 RS (JSC)<br><br>**ORDER REGARDING PROTECTIVE ORDER DISPUTE**<br><br>Dkt. No. 109 |

Now pending before the Court is a joint letter from the parties regarding a dispute as to the meaning of Section 13 of the protective order. (Dkt. No. 62.) In particular, Defendants contend that pursuant to Section 13, the parties agreed to jettison the requirement to produce privilege logs for documents withheld on privilege grounds, except for privileged documents inadvertently produced and subsequently clawed back. The Court has reviewed the protective order and the parties' correspondence and disagrees with Defendants' interpretation.

Section 13, by its plain language, addresses only material inadvertently produced and then subsequently clawed back as clear from its title: "INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL." (Dkt. No. 62 at 16.) The Section provides that if a party inadvertently produces material it believes is privileged, the parties' obligations are those set forth in Federal Rules of Civil Procedure 26(b)(5)(A-B). Those rules have been interpreted to require, among other things, a privilege log. *See* Fed. R. Civ. P. 26(b)(5)(A); *Loop AI Labs Inc. v. Gatti*, No. 15-CV-00798-HSG, 2016 WL 3001158, at \*2 (N.D. Cal. May 25, 2016). Section 13 then goes on to state that "for inadvertently produced material only," the party attempting to claw back inadvertently produced documents must produce a privilege log within seven days of providing notice of its attempt to claw back the documents, or

within a reasonable amount of time if the documents being clawed back are voluminous. (Dkt. No. 62 at 16.) The parties' correspondence demonstrates that this timing—seven days or a reasonable amount of time—was negotiated from an initial proposal that required production of the privilege log simultaneous with the claim of privilege over the inadvertently produced documents. Thus, the phrase "for inadvertently produced material only" refers to the timing of the production of the privilege log for inadvertently produced documents. There is nothing in Section 13 or the parties' correspondence that supports Defendants' contention that the parties agreed to forgo the production of privilege logs in their entirety, except for inadvertently produced documents. Accordingly, Defendants are required to produce privilege logs for documents they are withholding on privilege grounds. Such logs must be produced within 14 days of the date of this Order. And going forward, all parties must produce privilege logs within 14 days of service of their written response to document requests unless the parties agree otherwise in writing.

All that being said, it often makes sense for parties to agree to forgo privilege logs for documents involving counsel that were created *after* the initiation of litigation. The Court encourages the parties to explore such a reasonable limitation.

This Order disposes of Docket No. 109.

**IT IS SO ORDERED.**

Dated: November 1, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge