UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLATERAL ANALYTICS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC, et al.,<br><br>Defendants. | Case No. 18-cv-00019-RS (JSC)<br><br>**ORDER RE: DEFENDANTS' MOTION TO RETAIN CONFIDENTIALITY DESIGNATION**<br><br>Re: Dkt. No. 148 |

Plaintiff Collateral Analytics, LLC brings federal and state-law claims against Defendants Nationstar Mortgage, LLC ("Nationstar"), Xome Settlement Services, LLC ("Xome"), and Quantarium, LLC ("Quantarium") (collectively, "Defendants"), including trade-secret misappropriation, breach of contract, computer fraud, intentional interference with contractual relations, and false advertising. (Dkt. No. 1.)[1] This matter is before the Court on discovery referral from the district court. (Dkt. No. 68.) Defendants move to retain their designation of 70 documents as "Highly Confidential-Attorneys' Eyes Only," pursuant to the parties' stipulated Protective Order. (*See* Dkt. Nos. 62 & 148.) Plaintiff challenges Defendants' designation and seeks to have the documents re-designated as "Confidential." (Dkt. No. 152.) After careful consideration of the parties' briefing, the Court DENIES Defendants' motion because the material does not fall within the scope of the Protective Order.

**BACKGROUND**

**I.  The Protective Order**

The parties entered into the stipulated Protective Order on May 17, 2018. (Dkt. No. 62.)

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

The Protective Order provides for three confidentiality designations for materials a party "produces in disclosures or in responses to discovery"—"Confidential"; "Highly Confidential – Attorneys' Eyes Only" ("AEO"); or "Highly Confidential – Source Code." (*Id.* at ¶ 2.4.) The AEO designation applies only to "extremely sensitive 'Confidential Information or Items,' disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means." (*Id.* at ¶ 2.7.)

The Protective Order covers "any Disclosure or Discovery Material" that carries one of the three confidentiality designations listed above, as well as: "(1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected material." (*Id.* at ¶ 3.) However, the Protective Order does not cover "any information known to the Receiving Party *prior* to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party." (*Id.* (emphasis added).)

Unlike AEO-designated material, documents designated as "Confidential" may be shared with "the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound." (*Compare id.* at ¶ 7.2(b) *with* ¶ 7.3.) Both categories of material may, however, be disclosed to "the author or recipient of a document containing the information or a custodian or other person who otherwise properly possessed or knew the information." (*Id.* at ¶¶ 7.2(g), 7.3(f).) The Protective Order provides for judicial intervention in the event the parties cannot resolve their dispute over the designation of documents and places the "burden of persuasion in any such challenge proceeding . . . on the Designating Party." (*Id.* at ¶ 6.3.)

## II. The Documents at Issue

According to Defendants, the 70 documents at issue comprise two categories: (1) "documents concerning Defendants' trade secrets and highly sensitive business information about the development of Defendants' trades secrets"; and (2) "documents that are parent emails for

2

attachments, which discuss Defendants' trade secrets or highly sensitive information about the development of Defendants' trade secrets, and summarize the content of their attachments." (Dkt. No. 148-1, Ex. A.) Defendants did not submit the actual documents for this Court's review; however, Plaintiff does not dispute that the documents contain Defendants' trade secret information.

## LEGAL STANDARD

The confidentiality of the documents at issue is governed by Federal Rule of Civil Procedure 26(c). (*See* Dkt. No. 62 at ¶ 2.2 (defining "confidential" information as "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule Civil Procedure 26(c).").) Rule 26(c) provides, in part, that "[t]he court may, for good cause, issue an order . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). Where, as here, an existing "protective order was a stipulated order and no party ha[s] made a 'good cause' showing, then the burden of proof . . . remain[s] with the party seeking protection." *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (internal quotation marks and citation omitted) (alterations in original). District courts have "broad discretion" under Rule 26(c) to determine "what degree of protection is required." *Seattle Times v. Rhinehart,* 467 U.S. 20, 36 (1984).

## DISCUSSION

Plaintiff challenges the AEO designation of the 70 documents at issue because they were allegedly "sent to or received from" Plaintiff prior to this litigation and are thus not covered under the Protective Order. (*See* Dkt. No. 152 at 2 ("The parties exchanged [the documents] at issue in 2015 through 2017—before Collateral Analytics sued in 2018.").) Plaintiff seeks to re-designate the materials as "Confidential." (*Id.*) Defendants move to retain the documents' AEO designation because they are "Highly Confidential under the terms of the Protective Order and permitting their

3

1 de-designation and disclosure would harm Defendants in violation of the Protective Order's letter

2 and purpose." (Dkt. No. 148 at 8.) Defendants do not dispute that the documents at issue were

3 sent to or from Plaintiff prior to the litigation, nor do Defendants directly address the Protective

4 Order's inapplicability to "any information known to the Receiving Party prior to the disclosure,"

5 (*see* Dkt. No. 62 at ¶ 3), or the Protective Order's provision allowing for disclosure of AEO-

6 designated material to "the author or recipient of a document containing the information or a

7 custodian or other person who otherwise properly possessed or knew the information," (*id.* at ¶

8 7.3(f)). Defendants instead broadly assert that "[f]or the [AEO] designation in the Protective

9 Order to have meaning in this case, the parties must be able to use it to stop the further spread of

10 secret information, even when a party has previously seen that information in some limited

11 capacity." (*See* Dkt. No. 148 at 7.) Defendants' arguments fail to carry their burden of

12 demonstrating that the AEO-designation is proper because the Protective Order—by its plain

13 terms—does not even cover the documents at issue.

14 Defendants do not dispute that Plaintiff "has sent or received these *exact* documents" prior

15 to the litigation. (*See* Dkt. No. 152 at 4.) In other words, it is undisputed that Plaintiff had these

16 documents and thus knew the information contained in them prior to Defendants' disclosure in

17 this case. Thus, the material is not covered under the Protective Order because it constitutes

18 "information known to the Receiving Party *prior* to the disclosure." (*See* Dkt. No. 62 at ¶ 3

19 (emphasis added).) Defendants' assertion that 'the Protective Order's plain language does not

20 permit any de-designation" on the grounds that the material was "sent to or from" Plaintiff is

21 unavailing because it fails to acknowledge that Plaintiff possessed the *exact* AEO-designated

22 information at issue before the disclosure, rendering the Protective Order inapplicable.

23 Plaintiff does not argue that the AEO-designated material must be made public and instead

24 seeks only to re-designate the material as "Confidential." The Court declines to re-designate the

25 documents, however, because the documents do not even qualify as "Confidential" material under

26 the Protective Order. (*See id.*) The Court assumes that the parties exchanged the documents at

27 issue prior to Defendants' litigation disclosure with some sort of restrictions in place, but the

28 parties do not provide the Court with any information on that score. Instead, the parties base their

4

respective arguments solely on the terms of the Protective Order. In other words, they offer no arguments for designating the material as "Confidential" or "AEO" separate and apart from the Protective Order. Those arguments must fail because the material does not even fall within the Protective Order's scope.

Defendants' additional argument set forth in their Reply—that Plaintiff recognizes the harm in allowing further disclosure of trade secret information because Plaintiff itself has refused to allow Defendants' in-house attorneys "to view Collateral Analytics' Highly Confidential documents[ ] containing its trade secrets"—is also unavailing. (Dkt. No. 156 at 5.) There is no indication that Plaintiff's AEO-designated materials were, like the documents at issue here, sent to or received from Defendants prior to the litigation, and Defendants make no argument to the contrary. (*See* Dkt. No. 156 at 5-6; *see also id.*, Exs. A-C.)

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendants' motion to retain the AEO designation as to the 70 documents at issue because the material does not fall within the scope of the Protective Order. Under the plain terms of the Protective Order, Defendants cannot retroactively declare information AEO that was shared with Plaintiff pre-litigation without such restrictions. The parties, of course, are nonetheless free to stipulate that the documents shall be treated with a particular confidentiality designation under the Protective Order.

This Order disposes of Docket No. 148.

**IT IS SO ORDERED.**

Dated: May 29, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge