UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLATERAL ANALYTICS LLC,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC, et al.,<br><br>Defendants. | Case No. 18-cv-00019-RS<br><br>**ORDER DENYING MOTION TO STRIKE JURY DEMAND, WITHOUT PREJUDICE** |

Pursuant to Civil Local Rule 7-1(b), defendants Nationstar Mortgage, LLC, Xome Settlement Services, LLC, and Quantarium, LLC (collectively "defendants") move to strike plaintiff's jury demand. The motion has been submitted without oral argument and will be denied, without prejudice.

There is no dispute that this action arises generally from the "Master Services Agreements" ("MSAs") Collateral Analytics entered into with defendants Nationstar and Xome. The MSAs also undisputedly contained provisions stating:

> Each Party hereby waives its right to a jury trial with respect to any disputes, controversies, claims or proceedings arising out of or related to this Agreement or any Statement of Work.

Defendants concede applicable California state law preserves plaintiff's right to a jury trial for state law claims, notwithstanding those provisions of the MSAs. *See* Motion at 1:26-2:1 ("Defendants therefore acknowledge that Collateral Analytics is not bound by the jury-trial

waivers with respect to California state-law claims.") Defendants nevertheless seek a ruling at this juncture that plaintiff's *federal* law claims should not be presented to a jury, given plaintiff's stated waiver.

In opposition, plaintiff relies on a stipulation the parties executed after the disputes leading to this litigation arose. That agreement states, in relevant part:

> The Parties agree that all state law claims related only to the Dispute will be governed by and construed in accordance with the laws of the State of California, without regard to the principles of the conflicts of laws thereof, including, but not limited to, any breach of contract claims brought pursuant to either of the Agreements.
>
> For the avoidance of doubt, to the extent either of the Agreements govern any claims related only to the Dispute, the Parties agree that such Agreement will be governed by and construed in accordance with the laws of the State of California but onlyfor [sic] the purpose of litigation over any such claims.

The first paragraph set out above confirms the point that the parties do not dispute here: plaintiff's *state law* claims are subject to adjudication by a jury. The question is whether the second paragraph is sufficient to override the usual rule that the right to a jury determination of federal claims ordinarily is determined under federal law.

On its face, the stipulation is ambiguous, and neither side has presented sufficient evidence or argument to permit a definitive construction. The first paragraph arguably implies only state law claims are to be governed under California law. The second paragraph, however, suggests "any" relevant claims are to be governed by California law. While defendants do not concede the stipulation would waive a jury right even if it applies to "any" claims, such as federal claims, that result appears to follow from such a construction.

Defendants' motion advances procedure over substance. Even assuming defendants may be able to show that some plaintiff's claims must be decided by the court, there is no indication a jury would not be seated to hear all the evidence.

Nothing in this order precludes defendants from subsequently showing the stipulation should not be construed to enforce California's prohibition on jury waivers as to the federal claims plaintiff advances in this action. Furthermore, defendants will be entitled in any event to propose

jury instructions and a form of verdict that distinguishes among the claims that are to be decided by the court as opposed to by the jury. Accordingly, the motion to strike the jury demand is denied, without prejudice to further argument at the time of trial as to the scope of what the jury will be asked to decide.

**IT IS SO ORDERED**.

Dated: July 5, 2019

_____
RICHARD SEEBORG
United States District Judge