Robert M. Manley (admitted pro hac vice)
rmanley@mckoolsmith.com
Ashley N. Moore (admitted pro hac vice)
amoore@mckoolsmith.com
Avery R. Williams (admitted pro hac vice)
awilliams@mckoolsmith.com
Rudolph "Rudy" Fink, IV (admitted pro hac vice)
rfink@mckoolsmith.com
Chelsea A. Priest (admitted pro hac vice)
cpriest@mckoolsmith.com
Christian A. Harris (admitted pro hac vice)
charris@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Michael John Miguel (SBN 145182)
mmiguel@mckoolsmithhennigan.com
**MCKOOL SMITH HENNIGAN, P.C.**
300 South Grand Ave., Suite 2900
Los Angeles, California 90071
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

Attorneys for Defendants
Nationstar Mortgage LLC, Xome Settlement Services LLC, and Quantarium, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

COLLATERAL ANALYTICS, LLC

Plaintiff,

v.

NATIONSTAR MORTGAGE LLC, XOME SETTLEMENT SERVICES LLC, AND QUANTARIUM, LLC

Defendants.

Case No. 3:18-cv-00019-RS (JSC)

**JOINT LETTER BRIEF ON DEFENDANTS' MOTION TO COMPEL LIMITED 30(B)(6) DEPOSITION**

Ctrm: F, 15th Floor
Magistrate Judge: Honorable Jacqueline Scott Corley

September 24, 2019

Magistrate Judge Jacqueline Scott Corley
United States District Court, Northern District of California
San Francisco Courthouse, Courtroom F – 15th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re: *Collateral Analytics LLC v. Nationstar Mortgage LLC, et al.*, Case No. 3:18-cv-00019-RS (JSC)

Judge Corley:

Defendants ("Nationstar") move under FED. R. CIV. P. RULE 37(a)(3)(B)(ii) to compel Plaintiff Collateral Analytics (**"**CA") to provide a 30(b)(6) corporate representative for deposition on CA's designated trade secrets—topic Nos. 1-8, and 11-21 in Nationstar's Notice of Deposition to CA ("Nationstar's Notice"). Ex. A. Nationstar served CA under Rule 30(b)(6) on July 25, 2019 (requesting an agreed date) and again, 24 days later, on August 19, 2019 (specifying a September 12, 2019 deposition). CA did not provide a 30(b)(6) witness on September 12, 2019.

## I. Defendants' Introduction

Collateral Analytic must promptly provide a witness to testify to a targeted subset of 30(b)(6) deposition topics regarding Collateral Analytics' trade-secret claims so that Nationstar can understand CA's claims and prepare its defense. CA has over 300 trade secret claims, and Nationstar is entitled to know Nationstar noticed this deposition in late July and has been trying to schedule it ever since. After weeks went by and CA refused to provide any date for the deposition, Nationstar sent an updated notice setting the date for September 12th. CA refused to attend. CA never sought a protective order as the Federal Rules require, but granted itself one anyway. Nationstar does not have time for CA's delay tactics. There are less than 90 days remaining in fact discovery, and Nationstar will need substantial additional corporate testimony based on what it learns from this first deposition. Having failed to seek a protective order, Collateral Analytics has waived all objections to the deposition, and must promptly provide a witness.

## II. Plaintiff's Introduction

Defendants continue with their unnecessary motion practice, this time in connection with a ***174-Topic*** Rule 30(b)(6) Notice (when you include subparts). On its face, Defendants' deposition notice seeks attorney-client privileged and work product-protected communications and information; are unduly overbroad, duplicative, and burdensome; and are unintelligible. Early on, Collateral Analytics informed Defendants that it would provide objections and would require a meet and confer before it could make a witness available. Collateral Analytics has communicated with Defendants throughout this process, indicating that it would provide a witness for the deposition based on witness availability in either late October or early November 2019 to avoid serial depositions of its key people, as time spent away from the business is extremely costly. Moreover, Collateral Analytics repeatedly asked Defendants to identify which specific topics they considered to be the "priority topics" for which they sought a Rule 30(b)(6) deposition.

Defendants, on the other hand, failed to comply with Local Rule 30-1 when they unilaterally selected a date. Collateral Analytics never agreed to a deposition on September 12 and repeatedly

McKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CA

-1- Civil No. 18-cv-00019-RS (JSC)
JOINT LETTER BRIEF ON DEFENDANTS' MOTION TO COMPEL LIMITED 30(B)(6) DEPOSITION

informed Defendants that that date was unworkable. Defendants also repeatedly refused to specify which topics they considered its priority "trade secret" topics. The phrase "trade secret(s)" appears ***75 times in the notice***, and the 21 topics that are the subject of this motion do not correspond to the three broad categories that Defendants are now identifying as "trade secret" categories. Defendants did not identify Topics Nos. 1-21 as their "priority topics" until September 3, after Collateral Analytics had already informed Defendants that the September 12 date was unworkable. As for the necessity of this motion, even now, the parties continue to meet and confer with respect to certain topics. As of September 16, 2019, Defendants recognize that follow up on their end is required:

"We'll follow up on the other topics as discussed."

*See* Ex. J. Given that the parties continue to meet and confer and Collateral Analytics—once that process is complete—agrees to provide a Rule 30(b)(6) witness well before the end of fact discovery—especially given Defendants demand for an unlimited discovery extension (*see* ECF No. 224)—Defendants' motion is completely unnecessary.

## III. Defendants' Position

On July 25, Nationstar served CA a detailed list of deposition topics under Rule 30(b)(6) divided into 8 categories and asked CA to promptly provide a witness for the three "trade secret categories."[1] Exs. A (30(b)(6) notice), B (requesting a prompt deposition on the "trade secret categories"). CA promised to provide potential dates early the week of Aug. 5, but failed to do so. Ex. C. Later that week, CA said it would provide dates by the end of the week, but again failed to do so. *Id.* That Friday, Aug. 9, CA stated that it was "still reviewing" the noticed topics, and would not provide any dates until after a meet and confer on some unspecified date after it finished whatever review it was performing. *Id*. On August 19, having waited 24 days, Nationstar served an amended 30(b)(6) notice with identical topics setting the date for Sept. 12, 2019. Ex. D.

On September 3, without ever seeking a protective order, CA declared that it would not attend the 30(b)(6) deposition. During a meet-and-confer that day, Nationstar asked CA about the upcoming Sept. 12 deposition. CA claimed to be unaware of the notice and said it would not provide a witness on Sept. 12. Nationstar immediately asked for an in-person meet-and-confer. On September 3, Nationstar offered to further restrict the initial deposition to Topic Nos. 1-21. Ex. E. On September 4, nearly six weeks after Nationstar served the deposition notice, CA served written objections, indicating it would not provide any 30(b)(6) witness until after it narrowed its own trade secret list on November 5th. At the in-person meet-and-confer the very next day (Sept. 5) in San Francisco, Collateral Analytics' said that it might provide a witness in late October. That same day, CA confirmed in writing that it would not attend the September 12th deposition. Ex. F. Nationstar responded that it was improper to refuse to attend a noticed deposition, and that CA should expect a motion to compel. *Id*. No deposition occurred on September 12th. As of the date of this writing, CA has refused to provide any date when it will make a 30(b)(6) witness available.

**Serving objections did not excuse CA from attending its own deposition.** "The proper procedure to object to a Rule 30(b)(6) deposition notice is not to serve objections on the opposing party, but to move for a protective order." *Darbeevision, Inc. v. C&A Mktg.*, No. CV 18-0725 AG

---

[1] "Rule 30(b)(6) requires the party seeking discovery to describe 'with reasonable particularity the matters for examination.'" *Power Integrations, Inc. v. ON Semiconductor Corp.*, Case No. 16-CV-06371-BLF(VKD), 2019 WL 2334119, at *2 (N.D. Cal. June 3, 2019) (quoting Rule 30(b)(6)).

MCKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CA

(SSx), 2019 U.S. Dist. LEXIS 134914, at *25 (C.D. Cal. 2019) (citation and internal quotations omitted). "[I]n the absence of a protective order, [CA] was required to present a 30(b)(6) witness on [Sept. 12, 2019]." *See Wintrust Mortg. v. Wettstein*, No. CV1606441, 2017 WL 10562962, at *3 (C.D. Cal. Apr. 17, 2017). "Under the Rules, it is for the court, not the deponent or his counsel, to relieve him of the duty to appear." *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964). Even "the filing of a motion seeking relief from a deposition does not relieve the deponent from being deposed." *Scott v. Palmer*, No. 1:09-CV-01329, 2014 WL 6685813, at *3 (E.D. Cal. Nov. 26, 2014) (citing *Pioche Mines*, 333 F.2d at 269). "Rule [26(c)] places the burden on the proposed deponent to get an order, not just to make a motion." *Pioche Mines*, 333 F.2d at 269. The view "that a party need not appear if a motion ... is on file, even though it has not been acted upon .... would be an intolerable clog upon the discovery process." *Id.*

**CA's failure to attend the deposition without a protective order waived CA's ability to object to the deposition.** *Huene v. United States Dep't of Treasury*, No. 2:11-cv-2110 JAM AC PS, 2013 U.S. Dist. LEXIS 13803, at *8, (E.D. Cal. 2013) (failure to move for a protective order by the date set for deposition has been held to preclude later objection); *Charm Floral v. Wald Imports, Ltd.*, No. C10-1550, 2012 WL 424581, at *4 (W.D. Wash. Feb. 9, 2012) ("Charm Floral argues that WIL waived any objections to the Rule 30(b)(6) deposition by not filing a motion for a protective order prior to the deposition. The Court agrees."); *United States v. Panhandle E. Corp.*, 118 F.R.D. 346, 350 (D. Del. 1988) ("Ordinarily [a protective] order must be obtained before the date set for the discovery, and failure to move at that time will be held to preclude objection later."); *see also* 8A Charles Alan Wright, et al., Federal Practice and Procedure § 2035 (3d ed. 2012) ("At least with regard to depositions, the [protective] order should ordinarily be obtained before the date set for the discovery, and failure to move at that time has been held to preclude objection later"). Thus, CA must promptly make a 30(b)(6) witness available on the noticed topic Nos. 1-8 and 11-21.

**CA's claims of inconvenience and confusion are meritless.** During the meet-and-confer process, CA claimed that it did not understand what Nationstar meant by the "trade secret" categories, and that it could not provide a witness until it could prepare a single person on all topics. Neither complaint is meritorious. First, only three of the eight categories in the 30(b)(6) notice contain the words "trade secret" and Nationstar repeatedly explained to CA's counsel on the phone which topics Nationstar wanted to prioritize. Second, CA has repeatedly claimed that it intends to limit Nationstar to only seven hours of corporate representative testimony by providing a single a single witness on all topics, and needs time to prepare that witness. But the Court has already ordered CA to provide more than seven hours of corporate testimony. (Dkt. No. 155 (Order Re Defendants' Request for a Protective Order and Plaintiffs' Trade Secret List) at ¶ 3 ("Defendants' request for more than 7 hours of 30(b)(6) deposition testimony is GRANTED. Common sense dictates that in this particular case each side will need more than 7 hours of corporate testimony.").

Nationstar cannot wait until late October or early November to take CA's deposition. Nationstar is entitled to adequate time to prepare its defense to the trade secret claims that CA is asserting. That CA will narrow its claim in November to some unknown degree does not change the need for the deposition now.[2] No matter how CA narrows, the text of the secrets of CA has accused Nationstar of misappropriating will not change—there just may be fewer of them. That CA's corporate representative might answer questions on some claims that CA might later decide to drop is not undue prejudice. CA has used its 300+ trade-secret misappropriation claims to take millions of

[2] CA has stated that it will proceed on whatever claimed trade secrets it finds evidence to support.

MCKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CA

dollars in document and written discovery from Nationstar. CA would give Nationstar just 5 to 6 weeks (out of 19 months of fact discovery) to investigate CA's claims and prepare its defense.

Nationstar asks the court to compel CA to produce a witness on topic Nos. 1-8, and 11-21 of Nationstar's Notice no later than September 27, 2019 (or within one week of the Court's ruling). To the extent that Collateral Analytics has nonprivileged[3] information responsive to those categories, it must present a witness to testify without further delay. Nationstar will continue to work with CA on a date for the remaining 30(b)(6) topics. Rule 37(d)(3) requires the Court to consider sanctions for CA's "unacceptable excuse for failing to act." If the Court wishes to consider monetary sanctions at this time, Nationstar requests its reasonable fees in bringing this motion. However, as Nationstar intends to bring a motion to recover fees for bad-faith trade secret litigation under 18 U.S.C. §1836, Nationstar is happy to handle the request for fees in an omnibus later motion.

## IV. Collateral Analytics' Position

### A. Collateral Analytics Was Not Obligated to Accept Defendants' Unilateral Date.

Civil Local Rule 30-1 imposes a "Required Consultation Regarding Scheduling." A noticing party is required to meet and confer about the scheduling of a deposition "*before* noticing a deposition of a party." Civil L.R. 30-1. Here, Defendants unilaterally chose a date for their noticed 30(b)(6) deposition. There is no obligation, however, for Collateral Analytics to attend a deposition in the absence of a scheduling consultation. *See Hiramanek v. Clark*, No. 13-CV-00228-RMW, 2015 WL 6178529, at *2 n.11 (N.D. Cal. Oct. 21, 2015) ("Defendants also represent that Hiramanek set the deposition date unilaterally without consulting with opposing counsel as required by Civ. L.R. 30-1. This alone excuses what Hiramanek characterizes as Defendants' failure to appear."); *Finley v. Count of Martin*, No. C-07-5922 EMC, 2009 WL 3320263, at *1 (N.D. Cal. Oct. 13, 2009) (concluding that plaintiff was not entitled to a deposition because "Plaintiff was required to meet and confer with Defendant about the scheduling of Ms. Zamorano's deposition because she is a witness affiliated with Defendant"). For all other requested depositions, the parties have been discussing dates before scheduling—there is no reason that the 30(b)(6) deposition should be treated differently.

### B. Defendants' Motion is Premature and Untimely.

Including subparts, Defendants require Collateral Analytics to prepare its 30(b)(6) witness(es) on 174 separate topics. In addition to the numerosity, the Topics were ambiguous, sought attorney-client privileged information, or even required Collateral Analytics' witness to testify on the trade secrets contained in *Defendants'* trade secret list. Collateral Analytics raised these concerns with Defendants. Defendants in turn identified the "three trade secret topics" as priority topics. During meet and confers on August 9, August 16, and September 3 Collateral Analytics repeatedly sought clarification on the "trade secret topics" to no avail. Ex. H. Defendants did not provide identification of Topics Nos. 1-21 until after the September 3 meet and confer, a mere nine days before their unilaterally selected deposition date. Ex. E. When the parties met and conferred on the topics, counsel for Defendants *agreed* that some of the noticed topics were incorrectly worded, duplicative, or required clarification and agreed to follow up on these topics. Ex. J. It is premature to move to compel a 30(b)(6) deposition while the parties are still working to narrow the topics and address any ambiguities.

### C. Collateral Analytics Has Not Waived Its Objections.

[3] Nationstar is not asserting any privilege waiver.

McKool Smith Hennigan, P.C.
Los Angeles, CA

As described above, Defendants were not specific about which topics they wanted to prioritize, and they made no effort to discuss alternative dates with Collateral Analytics. Defendants do not cite a single case from this district finding objections waived where a noticing party failed to consult about the date. And even their cases from other districts are distinguishable. *See Wintrust Mortg. v. Wettstein*, 2017 WL 10562962, at *2 (C.D. Cal. April 17, 2017) ("[T]his was not a situation where the parties could not agree on a date and one of the parties proceeded to notice a date for the deposition without the other party's consent. Angel Oak agreed to the February 3, 2017 date.") (emphasis in original). Furthermore, because Rule 30 does not require written objections, Defendants claim that Collateral Analytics has waived any objections is unfounded. *See Rembrandt Diagnostics, LP v. Innovacon Inc.*, No. 16-cv-0698 CAB, 2018 WL 692259, at *3 (S.D. Cal. Feb. 2, 2018). That is not to say that written objections serve no purpose. Rather, "written objections to the time, date, place, or topics identified in a 30(b)(6) deposition notice are *useful to identify the points of disagreement and facilitate the meet and confer required* in advance of any motion brought under Rules 26-37, including a motion to compel or motion for protective order." *Id.* (emphasis added). Here, Collateral Analytics determined it was more efficient to attempt to narrow the topics and provide the written objections as a guide for the meet and confer. As the rules require, even if Collateral Analytics decided to move for a protective order, it was required to meet and confer with Defendants first. Given the sheer number of requests, any meet and confer was made more productive with the aid of Collateral Analytics' written objections.

Collateral Analytics has agreed to provide a witness. And, as a result of the parties' meet and confer, the parties reached resolution on many topics. This process is encouraged, rather than prohibited. *See, e.g.*, *DarbeeVision, Inc. v. C&A Mktg., Inc.*, No. CV 18-0725 AG (SSX), 2019 WL 2902697, at *9 (C.D. Cal. Jan. 28, 2019) ("The Court strongly encourages Plaintiff and Defendant to meet and confer about the topics prior to the deposition so that Defendant will know what specific information Plaintiff wants and can prepare the witness accordingly.") (cited by Defendants). Now that the topics have been partially refined, Collateral Analytics is able to prepare the appropriate witnesses. Defendants' motions practice—not Collateral Analytics' good faith efforts to negotiate on the topics and dates—is slowing down this case. Defendants' motion should be denied.

**D. Collateral Analytics is Entitled to Adequately Prepare its Witness.**

Collateral Analytics is entitled to take a reasonable amount of time to prepare its 30(b)(6) witness prior to the deposition. This necessarily requires Defendants to properly identify the topics and for Collateral Analytics to have the opportunity to understand the nature and scope of the testimony Defendants seek. It is only after resolving some of the issues during the September 5, 2019 meet and confer that Collateral Analytics can properly prepare its witnesses. Making a witness available in October allows Defendants time to provide clarifying follow-up, considers witness availability and allows Collateral Analytics to properly prepare its witness.

**E. Defendants' Request for Sanctions is Unwarranted.**

Collateral Analytics opposes Defendants' two-sentence request for sanctions. The request is baseless (*see Hiramanek v. Clark*, No. 13-CV-00228-RMW, 2016 WL 217255, at *4 (N.D. Cal. Jan. 19, 2016) (denying sanctions where plaintiff "violated Civ. L.R. 30-1 by not consulting with Defendants before setting a deposition date" and plaintiff "knew well in advance that the deponents would not appear")), and fails to comply with the Local Rules (*see* Civil L.R. 37-4). Furthermore, given that the parties met and conferred on these topics and resolved some of the outstanding issues, Defendants' request for sanctions is inappropriate here.

DATED: September 24, 2019

Respectfully submitted,

**McKOOL SMITH, P.C.**

/s/ *Avery R. Williams*
AVERY R. WILLIAMS

Attorneys for Defendants
Nationstar Mortgage, LLC, Xome Settlement Services LLC, and Quantarium, LLC

**CERTIFICATE OF CONFERENCE**

On September 5, 2019, counsel for Defendants Avery Williams and counsel for Collateral Analytics Jake Heath met and conferred in person at Orrick's Silicon Valley office for approximately 2.5 hours in an attempt to resolve the above dispute. Those efforts were unsuccessful.

McKOOL SMITH HENNIGAN, P.C.
LOS ANGELES, CA

-6- **Civil No. 18-cv-00019-RS (JSC)**

JOINT LETTER BRIEF ON DEFENDANTS' MOTION TO COMPEL LIMITED 30(B)(6) DEPOSITION

PROOF OF SERVICE

I declare as follows:

I am a resident of the State of Texas and over the age of eighteen years, and not a party to the within action; my business address is 300 Crescent Court, Suite 1500, Dallas, Texas 75201. On September 24, 2019, I served the following document(s) described as **ADMINISTRATIVE MOTION FOR JOINT LETTER BRIEF ON DEFENDANTS MOTION TO COMPEL 30(b)(6) DEPOSITION** on the interested parties in this action as follows:

☐ by placing the document listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Dallas, California addressed as set forth below.

☒ by electronic transmission pursuant to 5.1(h)1 of the NDCA Civil Local Rules on electronic filing to all parties who are registered ECF users.

☒ by personally delivering the document listed above to the person at the address set forth below.

**CHAMBERS COPY:**

Magistrate Judge Jacqueline Scott Corley
United States District Court, Northern District of California
450 Golden Gate Avenue
Courtroom F, 15th Floor
San Francisco, CA 94102

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postal meter date is more than one day after date of deposit for mailing in affidavit.

Executed on September 24, 2019 at Dallas, Texas.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

/s/ *Nancy J. Felix*
Nancy J. Felix